CARMEN BETANCOURT DE MUNDO, Tutrix of JOSÉ MUNDO ARZUAGA, Plaintiff and Appellee, v. FRANCISCO MUNDO, Executor of FACUNDO MUNDO MATOS, ET ALS., and ANDRÉS FLORES LÓPEZ and CASTOR CARRIÓN, Defendants and Appellants.

No. 7642. Argued February 15, 1939.—Decided July 13, 1939.

*Luis Ríos Algarín, E. Urrutia Martorell, E. H. F. Dottin, Luis Venegas Cortés* and *P. Román Benítez,* respectively for the different defendants and appellants. *Silvestre Cruz Disdier,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is a suit filed by the tutrix of an incapacitated person against the heirs and the sureties of her predecessor in said office for the recovery of money belonging to the incapacitated.

The action was prosecuted to the end and judgment was entered for plaintiff ''condemning the defendants to pay

jointly and severally to the plaintiff Carmen Betancourt de Mundo, as tutrix of the incapacitated José Mundo Arzuaga, the amount of $8,558.50, exception made of the sureties Andrés Flores López and Castor Carrión, whose obligation does not exceed $8,000, which is the total of the two bonds furnished by them, plus legal interest from the day of the filing of the complaint, October 7, 1933, and costs and attorney's fees, which the court assessed at $400.''

The sureties appealed through their attorney Luis Ríos Algarín; the defendant Valeriana Meléndez appealed on her own behalf and in representation of her minor child through her counsel Eduardo Urrutia and the defendants Francisco and Bienvenido Mundo, through their counsel E.H.F. Dottin.

The transcript of the evidence having been filed on November 27, 1937, different extensions of time were requested for the filing of the briefs. On January 11, 1938, the appellee filed a motion for the dismissal of the appeal.

Appellants opposed this motion through their counsel Dottin and Ríos. The motion was overruled. New extensions of time were requested until finally, on March 26, 1938, Attorney Dottin filed his brief entitling it ''A brief for the defendants Francisco, Bienvenido and Severo Mundo'', and on April 6 following, Attorney Ríos filed the brief for the sureties. On May 5, 1938, the appellee filed a denial (*Escrito de Impugnación.*) The appellants Valeriana Meléndez and her minor children did not perfect their appeal.

On February 15, 1939, the case was heard. The parties appeared, appellants being represented by Attorney Dottin and the appellee by Attorney Disdier. The sureties submitted their appeal by the briefs.

We shall consider in the first place the case in regard to the heirs. Then we shall consider it in regard to the sureties.

In his opinion, the district judge made a complete résumé of the complaint and of the different answers and immediately following expressed himself thus:

"It results from the evidence that the plaintiff is the tutrix of José Mundo Arzuaga. That Facundo Mundo had in his possession as guardian of his son, the incapacitated José Mundo Arzuaga, the amount of $8,558.50 and that when said Facundo Mundo died this amount was never delivered to the plaintiff as tutrix of the incapacitated, despite her different demands to that end.

"The defendant himself, Mr. Francisco E. Mundo, executor of the inheritance of Facundo Mundo, testified that when he was executor the succession was indebted to different merchants, to the hospitals and to other persons which do not appear from the record of an inventory which he filed in court; that he did not pay the accounts belonging to the incapacitated José Mundo Arzuaga, 'to whom are owing eight thousand odd dollars and that the tutrix has demanded that money and it has not been paid to her to the present'. He also testified that some accounts which were owing to the succession were paid. That he filed an inventory in court and there is stated the money which was received and paid.

"Section 219 and 220 of the Civil Code (1930 ed.) provide the following:

" 'Section 219.—A tutor who shall be replaced by another, as also the heirs of the former, shall be required to render a general account of the tutorship to the person replacing him, which account shall be examined and audited in the manner provided in the preceding section. The new tutor shall be responsible to the minor for all damages and injuries, if he does not demand and examine the accounts of his predecessor.

" 'Section 220.—After the termination of the tutorship, the tutor or his heirs shall give an account of his administration to the person who was subjected thereto or to his representatives or those holding rights under him.'

"There is no possible doubt according to these legal precepts as to the obligation of the heirs to deliver to the tutrix-plaintiff the amount which the previous guardian had in his possession belonging to the incapacitated José Mundo Arzuaga. And that in case that the previous guardian had illegally disposed of said amount, the obligation then arises on the part of the heirs to pay from their individual properties the debt of their testator, unless they had repudiated the inheritance or had accepted the same under benefit of inventory.

"We have already seen that the heir Francisco R. Mundo alleged that he had declined or repudiated the inheritance, and that the

heirs Bienvenido, Severo, Luisa, Dolores and Nemesio Mundo alleged that they had accepted it under benefit of inventory. The three last ones, Luisa, Dolores and Nemesio Mundo, despite their allegation, did not offer in evidence the deed of acceptance of the inheritance under benefit of inventory, nor did they offer any other evidence to that effect: consequently there only remains to be considered the legal effect of the repudiation made by defendant Francisco E. Mundo and the acceptance under benefit of inventory which was made by the defendants Bienvenido and Severo Mundo.

"According to the averments and the evidence, Facundo Mundo Matos, grantor of the defendants, died on March 26, 1931. It also appears that the heirs were in possession of the inheritance, and this being so, it is necessary to determine whether or not the repudiation and acceptance of the inheritance under benefit of inventory was made within the period fixed by law.

"As it appears from exhibit '1' of the defendants which is deed No. 34, executed by Francisco Mundo before notary public Mr. E. H. F. Dottin on April 12, 1931, refusing the inheritance of his father Facundo Mundo, said repudiation was made seventeen days after the death of the testator. The acceptance under benefit of inventory made by Severo Mundo Arzuaga, took place, according to exhibit '3' of the defendants, on March 11, 1932, that is, approximately one year after the death of the testator, and the acceptance under benefit of inventory which was made by the other defendant Bienvenido Mundo Arzuaga as it appears from exhibit '2' of the defendants, took place on June 20, 1932, that is, more than a year after the death of the testator, notwithstanding the fact that the heirs lived in he place of the testator's death.

"Section 968 of the Civil Code (1930 ed.) states to this effect that:

" 'Section 968.—An heir who may have in his possession the property of the estate or a part thereof, and who may wish to make use of the benefit of inventory or of the right to deliberate, shall state this to the district court of competent jurisdiction in testamentary or intestate proceedings, within ten days following that on which he has become aware that he is such an heir, if he resides in the place where the deceased may have died. If he resides outside of it the period shall be thirty days.

" 'In either case the heir must request, at the same time, the making of the inventory and the citation of the creditors and legatees in order that they may be present thereat if they wish to.' "

He then quotes from Manresa in regard to the provisions of Sections 1014, 1015 and 1016 of the Spanish Civil Code, which are equivalent to Sections 968, 969 and 970 of our Civil Code (1930 ed.) and ends:

"It is evident, according to the law and the author from whom we have quoted, that the repudiation made by defendant Francisco Mundo, as well as the acceptance under benefit of inventory attempted by the defendants Bienvenido and Severo Mundo are ineffective in law and that they should be considered as having accepted the inheritance purely and simply. This being so, they are liable as well as the other heirs for the debts and obligations of their testator."

The heirs appellants allege that the trial court erred in declaring ineffective the repudiation of the inheritance of the guardian Facundo Mundo made by Francisco Mundo, and the acceptance of the same under benefit of inventory made by Bienvenido and Severo Mundo and in condemning them in consequence to the payment of the claim.

To arrive at a correct decision of the controversy it is well to know, besides the provisions of Section 968 of the Civil Code transcribed in that part of the opinion of the trial judge which we have quoted, the provisions of Sections 969 and 970 of the same Code, to wit:

"Section 969.—If the heir should not have in his possession the inheritance or a part of it, or has not taken any steps as such heir, the periods fixed in the preceding section shall be counted from the day following that on which the period fixed by the district court for accepting or repudiating the inheritance expires, in accordance with section 959, or from the day on which he may have accepted it or has acted as heir.

"Section 970.—With the exception of the cases referred to in the two preceding sections, if no action should have been brought against the heir, he may accept, under the benefit of inventory, or with the right to deliberate while the action to claim the inheritance does not prescribe."

In order to establish that the repudiation and the acceptance under benefit of inventory in question were made after

the statutory period, the court previously declared proven, as we have seen, that the heirs were in possession of the inheritance. If they actually were, the finding is sustained. If they were not it cannot be upheld. It is necessary then, to examine the evidence, as the appellants sustain in their brief that: "It was not alleged, nor at any time attempted to prove, nor was it proven that Dr. Francisco Mundo had used for his own benefit any property belonging to the inheritance", and that "in the case of the defendants Bienvenido and Severo Mundo it was not alleged nor proven and much less was it intended to be proven that any of the heirs had in his possession any property belonging to the inheritance."

We have examined the complaint and we must admit that it does not contain any specific averment relative to the fact that the heirs of the tutor Facundo Mundo were in possession of the property belonging to the inheritance. It is alleged that the succession of Facundo Mundo owes to the incapacitated the sum claimed and that the property left by said Facundo Mundo, former tutor, is insufficient to cover said amount for which reason the sureties are made a party to the action, but nowhere is it stated that the heirs defendants came into the possession and enjoyment of the hereditary property.

We have searched the evidence offered by both parties during the hearing of the trial and nothing appears from it to show that the heirs defendants Bienvenido and Severo Mundo were in possession of the inheritance. In regard to the heir Francisco Mundo it is inferred from the documentary evidence offered that he had of necessity to take possession of the property belonging to the inheritance, not as an heir but as an executor, and possession in such concept is no obstacle to his right to repudiate.

And that lack of evidence is to be considered especially when the answer to the complaint which was filed jointly by said heirs defendants Francisco, Bienvenido and Severo Mundo contains the following denial:

"The defendants Francisco, Bienvenido and Severo Mundo deny that they as heirs of Facundo Mundo Matos and being part of the succession of said Facundo Mundo Matos owe to the incapacitated José Mundo Arzuaga the $8,558.50 which he claims or any part of said amount; the defendants mentioned Bienvenido and Severo Mundo, accepted the inheritance under benefit of inventory and up to this date they have not received, taken or accepted any part or portion of the property left at the time of the death of said Facundo Mundo Matos; · and the defendant Francisco Mundo repudiated the inheritance."

This being so, the judgment must be reversed as to the already mentioned heirs defendants in regard to their individual property.

Let us examine the case in reference to the sureties. The district court in weighing the evidence and applying the law for the purpose of basing the judgment which it entered against them, expresses itself as follows:

"The Civil Code (1930 ed.) in dealing with the security to be given for guardianship, prescribes the following in Section 200:

" 'Section 200.—The tutor shall, before assuming his duties, give bond for the good results of his management.'

"And Section 220 provides that after the termination· of the guardianship, the guardian or his heirs shall give an account of his administration to the person who was subjected thereto or to his representative or those holding rights under him.

"In this case the heirs have not complied with the obligation imposed upon them by Section 220, that is, to render an account to the plaintiff as tutrix of the incapacitated, of the property and goods which were in possession of the guardian Facundo Mundo, and the sureties are liable for this non-compliance.

"The two bonds given by the sureties defendants in so far as pertinent read as follows:

"Bond of June 27, 1927 (Exhibit 'C' of plaintiff).

" 'That Mr. Facundo Mundo Matos having been appointed by the District Court of San Juan, guardian of his son Mr. José Mundo Arzuaga, who is at present confined in the Insular Insane Asylum suffering from mental derangement, the petitioner Facundo Mundo Matos as guardian of said incapacitated receives monthly from the Government of the United States the amount of $100, and has un-

der his guardianship and custody all the property belonging to said incapacitated, if Mr. Facundo Mundo Matos properly complies with the duties of his office as such guardian, according to the law, as with all orders that may be entered by this court in regard to the property of said incapacitated, and administers honestly and faithfully the interests of said incapacitated, then this obligation shall be void, worthless and without any effect; but on the contrary, it will remain in full force and effect, we being jointly and severally responsible for the fulfillment of the same.'

"Bond of March 21, 1928, filed on the thirtieth of said month (Exhibit 'D' of the plaintiff.)

" 'Spontaneously and of our own free will we guarantee jointly and severally the obligation which by means of the present bond has been contracted by the already mentioned judicial administrator, Mr. Facundo Mundo Matos, being liable to the amount of $4,000, to guarantee his faithful and efficient administration of the property of the said incapacitated Mr. José Mundo Arzuaga, in the case that there be diminution, impairment, deficit or embezzlement of said property during the judicial administration, and until such property has been liquidated and delivered to the satisfaction of the court.'

"As it may be seen, the documents partially transcribed do not contain the limitations which were alleged by the sureties in their answer, and if it is true that the bond filed on March 30, 1928 (Exhibit 'D' of the plaintiff) designates Mr. Facundo Mundo Matos as 'Judicial Administrator' of the incapacitated, this clerical error in no way alters the obligation of the bond, because being concerned with judicial bonds, the document must be construed in conformity with the intention of the court which decreed its execution, and if there be any doubt about the scope and extension of the obligation of the bond, that doubt must be decided taking into account the intention of the court which ordered it, and the statute providing for the giving of the bond, in such a way that the provisions of the law be understood as contained or included in the document of the bond. *Avilés* v. *Sons of Rafael Toro, Ltd.*, 27 P.R.R. 616.

"Said bond, that is, the one last mentioned, was given to guarantee the faithful fulfillment by Facundo Mundo Matos of his duties as guardian of the above mentioned incapacitated, and this was known by the sureties defendant, who had already and for the same purpose, given the first bond for $4,000 (Exhibit 'C' of the plaintiff) of which this is an addition or complement.

"We have seen from the above stated, that the first bond, that is, the one given by Hermelindo Díaz Cintrón and Castor Carrión for $500 was substituted by another for the amount of $4,000, which was given by The Maryland Casualty Co., and that this last one was substituted in turn by a bond of $4,000 (Exhibit 'C' of plaintiff) given by the sureties defendant, in due time approved by the court, and that later the sureties gave the additional bond (Exhibit 'D' of plaintiff) for the same amount and it was also approved by the court. As the accounts of the guardianship up to June 30, 1927, from which date the bond became effective, (Exhibit 'C' of plaintiff) were approved by the court, it is evident that it is not necessary to liquidate the obligations of previous sureties whose bonds were cancelled and extinguished from the very moment when the accounts of the guardianship for the whole period in which said bonds were effective, were approved. This being so, it was not necessary to make the previous sureties a party to this action, and consequently, the nonjoinder of parties defendant alleged by the sureties-defendant does not exist.

. "Neither was the plaintiff bound to require the sureties to investigate the administration of the incapacitated, since upon notifying them of this complaint within this suit, they have had a sufficient opportunity to determine if in reality the guardian for whom they gave security complied or not with the duties of his office, which faithful fulfillment was guaranteed by the sureties defendant.

"Notwithstanding that some of the defendants alleged that there exists property belonging to the inheritance of Facundo Mundo which could be applied to the payment of his indebtedness to the incapacitated, it has not been proved that such property exists, and even if it were so such circumstance would not exempt them from liability, as the duty of the heirs and consequently of the sureties, is not complied with by simply showing the existence of property, but by paying to the end what results owing to the incapacitated by the guardian, a thing which in this case has not been done either in full or in-part, it not having been proved either that the property of the incapacitated has been applied to the maintenance of his wife and children."

We have examined appellants' brief and it does not convince us that the court committed any error against them.

The final conclusion arrived at by the district court is sustained in our opinion by the facts and the law and is well reasoned in the opinion which was written to support it.

By virtue of the foregoing the judgment appealed from must be reversed in regard to the defendants Francisco and Bienvenido Mundo and affirmed as to Andrés Flores López and Castor Carrión.

Mr. Justice Travieso and Mr. Justice De Jesús took no part in the decision of this case.